O
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **CENTURY 21 REAL ESTATE LLC,** | Case No.: SACV 13-1648 DOC(DFMx) |
| Plaintiff, | |
| vs. | |
| **WILLIAM CLEMENT COMPANY, INC. ET AL.,** | **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [17]** |
| Defendants. | |

Before the Court is Plaintiff Century 21 Real Estate's ("Century 21") Motion for Default Judgment against Defendant William Clement Company, Inc. ("Clement") and Clement Lombardi ("Lombardi"), (together, "Defendants") (Dkt. 17).  Having considered the motion and the accompanying record, the Court GRANTS Century 21's Motion for Default Judgment.

**I.   Background**

The Court draws the following facts from Century 21's Complaint (Dkt. 1).

William Clement, Inc. entered into a Century 21 Real Estate Franchise Agreement with Plaintiff that contained a commencement date of February 5, 1999(the "Agreement").  Compl. ¶ 7.  Under the Agreement, William Clement became a franchisee of Plaintiff as a real estate brokerage business.  Clement's franchise was located at 9036 Adams Avenue, Huntington Beach, California 92646.  *Id*. ¶ 8.

The terms of the Agreement granted Clement a non-exclusive license to utilize Plaintiff's trademarks and marketing system.  *Id.*  Clement agreed in return to (1) to pay to Plaintiff six percent (6%) of all of William Clement's gross revenues under Section 8 of the Agreement ("royalty fees") and (2) to pay 2% of its gross revenues for a National Advertising Fund ("NAF") for advertising expenses under Section 9 of the Agreement, with a minimum monthly NAF fee as specified in the Agreement.  *Id*.  William Clement also agreed to permit Plaintiff to audit its books and records at any reasonable time and agreed to pay, with interest, any sums determined to be owing based on this audit.  *Id*.  Lombardi signed a Guaranty of Payment and Performance ("Guaranty").  *Id*. ¶ 9.  Defendant Lombardi personally guaranteed the payment and performance of Clement's obligations under the Agreement.  *Id*.; *see also* Ex. A at 47-48.

After entering into the Agreement and operating as a franchisee, Clement did not pay amounts owing under the Agreement, including royalty fees, and NAF fees, and failed to report on closed transactions, all of which constitute a breach of the Agreement.  *Id*. ¶ 10.  Plaintiff properly notified Defendants of these defaults in writing and provided the appropriate opportunity to cure required under the applicable Agreement.  *Id*.  Defendants did not cure these defaults.  *Id*.

Accordingly, Plaintiff exercised its right to terminate the Agreement and terminated the Agreement effective February 2, 2010.  *Id*. ¶ 11.  The Agreement provides for the recovery of attorneys' fees and costs to any party prevailing in a legal proceeding in connection with the Agreement.  *Id*. ¶ 12, Ex. A at 21.

**II.     Legal Standard**

The decision to grant or deny a motion for default judgment is within the district court's discretion.  *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  After the clerk enters a

default against the defendant, the factual allegations of the complaint, except those relating to damages, is taken as true. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). The district court considers seven factors when deciding whether to grant the motion: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72.

Because the plaintiff's allegations of damages are not presumed true, a court granting a motion for default must "determine the amount and character of the relief" due. *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (internal quotation marks omitted).

**III. Discussion**

Century 21 moves for default judgment because Defendants have not answered the Complaint. For the reasons discussed below, default judgment is warranted.

### a. Local Rule 55-1, Compliance with the Local Rules and Federal Rule of Civil Procedure 55(a)

Century 21 has satisfied its obligations under Federal Rule of Civil Procedure 55(a) and Local Rules 55-1 and 55-2. Under those Rules, a movant must satisfy certain conditions before moving for default judgment, such as having the Clerk of the Court enter default against the non-movant. *See* Fed. R. Civ. P. 55(a); L.R. 55-1, 55-2. Century 21 has shown that it requested default judgment against the Defendants, that default was entered against the Defendants as to Century 21's Complaint on January 10, 2014 (Dkt. 13), that Century 21 is not an infant or an incompetent person, and that the Servicemembers Civil Relief Act (50 U.S.C. § 521) does not apply. *See* Shao Decl. ¶ 7.

### b. *Eitel* Factors

Because Century 21 satisfied the basic prerequisites for filing a motion for default judgment, the Court turns to the *Eitel* factors to determine whether entry of default judgment is appropriate.

### i. Possibility of Prejudice to the Plaintiff

The first *Eitel* factor supports granting default judgment because Century 21 has no other means to collect compensation from Defendants, leaving Century 21 without a proper remedy absent default judgment.  *See Landstar*, 725 F. Supp. 2d at 920; *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal 2002).

### ii. Merits of Plaintiff's Claims and the Sufficiency of the Complaint

The second and third *Eitel* factors look to whether the Plaintiff's Complaint has sufficiently stated a claim for relief.  *PepsiCo*, 238 F. Supp. 2d at 1175.  The claims in this case are premised on violations of the Franchise Agreement.

To prove a breach of contract claim in the state of California, a Plaintiff must show: (1) the existence of a contract; (2) that he has performed or that his nonperformance is excused; (3) defendant's breach of the contract; and (4) damages resulting from the breach. *Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d 1158, 1163 (C.D. Cal. 2010) (citing *Troyk v. Farmers Group, Inc.*, 171 Cal. App. 4th 1305, 1352 (2009)).

Under the Franchise Agreement, Defendants owed Plaintiff Franchise Service Fees of 6% of the gross revenue earned (Agreement § 8); National Advertising Fund fees of 2% of the gross revenue earned (Agreement § 9); and a National Advertising Fund monthly contribution (Agreement § 9). When Defendants failed to pay these fees, Plaintiff notified Defendants of the violation and provided an opportunity to cure.  Defendants did not pay any of the sums owing.  Plaintiff's Complaint pleads the existence of the Franchise Agreement, performance by Plaintiff, breach by Defendants, and damages therefrom.  This *Eitel* factor therefore weighs in favor of default judgment.

### iii. Sum of Money at Stake

The fourth *Eitel* factor requires that the damages sought be "proportional to the harm caused by defendant's conduct." *Landstar*, 724 F. Supp. 2d at 921.  Here, Century 21 seeks

$120,192.20 in damages from unpaid fees. Mot. at 7. Additionally, Century 21 seeks interest on the damages and attorneys' fees. *Id*.

Though Century 21 seeks a large amount, it is proportional to the harm caused by Defendants' conduct. *See Landstar*, 724 F. Supp. 2d at 921 (finding $243,817.34 in damages appropriate in default judgment because it was consistent with the terms of the contract); *Orange Cnty. Elec. Indus. Health & Welfare Trust Fund v. Moore Elec. Contracting, Inc.*, No. 11-CV-00942-LHK, 2012 WL 4120348, at * 4, (N.D. Cal. Sept. 18, 2012) (finding damages of $111,266.98 appropriate in default judgment to plaintiff in same position had defendant fulfilled its obligation under the agreement). Accordingly, this factor favors entry of default judgment.

### iv. Possibility of Dispute Concerning Material Facts

Where the plaintiff's complaint is well-pleaded and the defendant makes no effort to properly respond, the likelihood of disputed facts is very low. *See Landstar*, 725 F. Supp. 2d at 921-22. Century 21's complaint is well-pleaded and Defendants have yet to respond to the complaint. This factor weighs in favor of default judgment.

### v. Possibility of Excusable Neglect

The sixth *Eitel* factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant was aware of the lawsuit. *Id*. at 911. Century 21 served the complaint in this action on Lombardi and Clement by personal service on October 31, 2013. *See* Proofs of Service (Dkts. 5, 6). Thus, this factor favors default judgment.

### vi. Policy Favoring Decision on the Merits

Although decisions on the merits are preferred, this does not prevent a court from entering judgment where the defendant refuses to respond. *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004). Where the defendant's failure to appear makes decision on the merits impossible, default judgment is appropriate. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). As Defendants properly served and failed to respond in any way, default judgment is appropriate. Accordingly, other than the general policy favoring decisions on the merits, the *Eitel* factors support entry of default judgment.

### c. Remedies

Century 21 seeks 1) $120,192.20 in compensatory damages for fees owed under the Franchise Agreement, 2) $9,757.27 in attorneys' fees under Section 20 of the Franchise Agreement, and 3) postjudgment interest.

#### i. Contract Damages

Plaintiff bears the burden of proving all damages sought through entry of default judgment. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). To determine damages, a court may rely on the declarations submitted by the plaintiff or order an evidentiary hearing. Fed. R. Civ. Pro. 55(b)(2).

Century 21 submits the declaration of a Senior Director for Real Estate Financial Services, Jacqueline Bertet. The declaration reviews the history of the parties' relationship and the billing procedure. Exhibit E to the Declaration includes the relevant invoices establishing the damages in this case. *See* Bertet Decl. Ex. E. These invoices correspond to the requested damages, and so Plaintiff has proven damages in the amount of $120,192.20.

#### ii. Interest

Plaintiff requests post-judgment interest, but does not specify the basis in statute or the Local Rules for this interest. The Court therefore DENIES interest.

#### iii. Attorneys' Fees

Century 21 seeks $9,757.27 in attorneys' fees pursuant to Section 20 of the Franchise Agreement. However, Century 21 submits only a blanket declaration justifying its fees, with no breakdown of the hours worked by specific personnel on specific tasks. This lacks sufficient specificity for the Court to award fees. *See Lotenero v. Cripps*, 2012 WL 525586 (E.D. Cal. Feb. 16, 2012) (citing *Welch v. Metropolitan Life Ins., Co.,* 489 F.3d 942, 948 (9th Cir. 2007)) ("Similarly, with respect to a request for attorney fees, "block billing" or failing to specify the amount of time spent on each task makes it impossible to determine if the requested fees are reasonable.").

Local Rule 55-3 allows recovery of reasonable attorneys' fees pursuant to a contract upon entry of a default judgment. L.R. 55-3. The schedule provides for $5,600 plus 2% of any

amount over $100,000. *Id*. Two percent of $120,192.20 is $2,403.84. Therefore, the appropriate interest calculation under Rule 55-3 is $8,003.84. Accordingly, the Court awards Century 21 $8,003.84 in attorneys' fees.

### IV. Disposition

For the forgoing reasons discussed above, the Court GRANTS the Motion for default judgment.

The Court GRANTS Century 21: 1) $120,192.20 in damages and 2) $8,003.84 in attorneys' fees.

Plaintiff is to file a judgment in accordance with this order within ten (10) days of this order's filing date.

DATED: May 30, 2014

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE